# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES O. MCKAHAN,   ) | |
| ) | Civil Action No. 17 – 463 |
| Petitioner,   ) | |
| ) | |
| v.   ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| WARDEN THOMPSON,   ) | |
| ) | |
| Respondent.   ) | |

## MEMORANDUM OPINION

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Charles O. McKahan ("Petitioner") pursuant to 28 U.S.C.§ 2254, wherein he challenges the Pennsylvania Board of Probation and Parole's decision to deny him parole on January 12, 2017, and require that he serve his unexpired maximum sentence of September 1, 2020. (ECF Nos. 1, 1-1.) For the reasons set forth below, the Petition is denied and a Certificate of Appealability is denied.

### A. Relevant Background

On April 2, 2015, in the Court of Common Pleas of Fayette County, Petitioner pled guilty to the charges of driving under the influence (DUI) – general impairment with refusal, 75 Pa. C.S.A. § 3802(a)(1); driving while suspended, 75 Pa. C.S.A. § 1543(b)(1); driving an unregistered vehicle, 75 Pa. C.S.A. § 1301(a); and driving the wrong way, 75 Pa. C.S.A. § 3308(b). (ECF No. 26-1; Commonwealth v. McKahan, CP-26-CR-0000147-2015 (Ct. Common Pleas, Fayette County.)) Petitioner was sentenced on May 20, 2016; on count 1, DUI – general

impairment with refusal, Petitioner was sentenced to *inter alia* 18 months to 5 years of incarceration, on count 2 – driving while suspended, Petitioner was sentenced to a term of imprisonment of 90 days to run consecutive to count 1. (ECF No. 26-2.) At count 1, the sentencing court found that Petitioner was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program,[1] and his RRRI minimum sentence expiration date was established at thirteen and one-half (13½) months. Id.

Petitioner appealed the judgment of sentence to the Superior Court of Pennsylvania, claiming that the trial court erred in considering at the time of sentence another DUI for which he was sentenced after the subject DUI in case number 147 of 2015 occurred. (ECF No. 26-3; No. 871 WDA 2015.) The Superior Court determined that if the trial court had considered Petitioner's other DUI in sentencing him at case number 147 of 2015, then it would have erred. However, not only was it unclear if the trial court did so, but the Superior Court determined that Petitioner's sentence still comported with the applicable sentencing guidelines. Accordingly, his judgment of sentence was affirmed on June 13, 2016. Id. Petitioner filed no further appeal of his judgment of sentence.

On April 3, 2017, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (ECF No. 26-4.) Shortly thereafter, he filed the instant Petition for Writ of Habeas Corpus in the above captioned case on April 12, 2017. (ECF No. 1.) Respondent filed a Motion to Dismiss the Petition on the basis that Petitioner's PCRA petition was still

---

[1] The intent of the RRRI program is to encourage "eligible offenders" in the custody of the Department of Corrections ("DOC") "to participate in and successfully complete evidence-based programs under this chapter that reduce the likelihood of recidivism and improve public safety." 61 Pa. C.S. § 4504(b). If an offender is an "eligible offender," the sentencing court at the time of sentencing will impose a minimum and maximum sentence as required by 42 Pa. C.S. § 9752 (relating to sentencing proceeding generally) and also impose a RRRI minimum sentence.

pending in state court.  (ECF No. 5.)  In an Order dated May 31, 2017, this Court dismissed the Petition for Writ of Habeas Corpus without prejudice, and the matter was stayed and administratively closed while Petitioner pursued his remedies in state court.  (ECF No. 13.)

Despite having court-appointed counsel for his PCRA petition, Petitioner filed a *pro se* motion to withdraw his PCRA petition on June 8, 2017.  (ECF No. 26-5.)  As he was represented, the motion was disregarded by the Fayette County Clerk of Courts.  Id.

On June 14, 2017, Petitioner attempted to reopen the instant proceeding.  (ECF No. 14.)  However, his request to reopen was denied because his PCRA petition remained pending.  (ECF No. 18.)  Through counsel, Petitioner moved to withdraw his PCRA petition on July 27, 2017.  The trial court granted the motion on August 8, 2017, withdrew and dismissed the PCRA petition, and authorized Petitioner's court-appointed counsel to withdraw.  (ECF No. 26-6.)  As the PCRA petition was withdrawn, this Court permitted Petitioner to reopen this case on August 30, 2017.  (ECF No. 23.)  Respondent filed an Answer to the Petition for Writ of Habeas Corpus on October 11, 2017.  (ECF No. 26.)  It is now ripe for review.

**B. Discussion**

Petitioner claims that the Pennsylvania Board of Probation and Parole ("the Board") violated his right to due process when they denied him parole on January 12, 2017.  (ECF No. 1, p.5.)  It is unclear from the Petition as to whether Petitioner is challenging a violation of his procedural or substantive due process rights.  Therefore, both will be addressed.

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps.  *See* Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972).  First, the court must

determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. and Parole, 724 A.2d 319, 322-23 (Pa. 1999). *See also* Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

To prevail on a substantive due process challenge to the Board's decision, Petitioner must establish that the decision shocks the conscience. *See, e.g.*, Newman, 617 F.3d at 782. Evans v. Sec'y, Pa. Dept. of Corr., 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted). *See also* Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v.

4

Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its most recent decision, the Board denied Petitioner parole after an interview and review of his file. The Board's decision was based on the following: Petitioner's prior unsatisfactory parole supervision history; his risk to the community; his failure to demonstrate motivation for success; his minimization/denial of the nature and circumstances of the offense(s) committed; his refusal to accept responsibility for the offense(s) committed; his lack of remorse for the offense(s) committed; and the fact that Petitioner had 9 DUIs, which indicated that he was an ongoing risk. (ECF No. 1-1.) Although Petitioner disagrees with the Board's assessment of him, (e.g., he states that he only had 2 DUIs in 10 years (9 overall), that he did prescribed programming and even extra programming that was not required, he has his own business, he maintained misconduct free in prison and that he submitted an adequate home plan and relapse prevention and reentry plan) he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights. His claims, therefore, are without merit.

C. **Certificate of Appealability**

A court should issue a Certificate of Appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied. Accordingly, this Court will not issue a Certificate of Appealability.

Dated: May 3, 2018.

/s/ Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES O. MCKAHAN, | ) | |
| | ) | Civil Action No. 17 – 463 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN THOMPSON, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

**AND NOW**, this 3rd day of May, 2018, and for the reasons stated in this Court's Memorandum Opinion filed contemporaneously herewith,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for response from court re Petition for Habeas Corpus (ECF No. 32) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Charles O. McKahan
MM3371
SCI Mercer
801 Butler Pike
Mercer, PA 16137

Counsel for Respondent
(Via CM/ECF Electronic Mail)